[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals for a reassessment of his property taken by the defendant for highway purposes. The assessment by the defendant was in the sum of $478,400, which has been paid. The date of taking was June 28, 1990.
The plaintiff on June 28, 1990 was the owner of the following:
1. Eighteen and six-tenths (18.6) acres in the Town of Windsor located immediately to the east of Route 91. Egress was by a right-of-way over land of one Surdan on to Center Street. The terrain was steep in some places and contained two brooks, causing some wetlands.
2. Land with dwelling at 412 Hayden Station Road, Windsor.
3. Land with dwelling at 398 Otee Circle, Windsor.
From the above, the State has taken 4.356 acres from the large vacant parcel. It has also taken the entire two parcels which included the dwellings on Hayden Station Road and on Otee Circle. CT Page 1385
As to the 18.6 acre piece, the defendant has taken about 4.356 acres, mostly from the northerly portion. As previously stated, access was by a right-of-way on to Center Street. The State, some years prior, had decided to construct a new road — Frontage Road — which would run parallel with Route 91. However, prior to the date of taking, it had abandoned plans to do this for a time. Later, during June of 1990, the project was being discussed. Still later, some nine months after the taking date, it was definitely decided to build Frontage Road. This road will be closer to the subject property than Center Street is now. As a result, the cost of constructing a roadway to the proposed Frontage Road is considerably reduced and the whole remainder will be closer to public highway, i.e. Frontage Road.
Due to changes in the access ramps to Route 91, the plaintiff claims this will unfavorably affect the subject property. This is correct. However, because the creation of Frontage Rod will become a reality, an offsetting circumstance is present.
It is also found that the percentage of the wetlands was not unduly increased in the remaining land, and slight severance damages to the remaining land is established.
As to the values of the two dwelling-house properties, it is felt that the defendant's appraisers were closer to the correct market values.
One of the defendant's appraisers has found the damages to be $478,400; a second appraiser for the defendant has found damages to be $443,000. On the other hand, the plaintiff's appraiser has set the damages at $727,000.
The plaintiff claims that the creation of Frontier Road should not be considered because on June 28, 1990, the date of the taking, it was not planned to be built. The project was not definitely decided upon until March of 1991. Hence, what was once in a state of flux has become an established reality. From a decision our Supreme Court, we conclude that the proposed road I should be considered. In Tandet v. Urban Development Commission, 179 Conn. 293, 304, the court stated:
 While it is true that the fair market value of land that is taken . . . is ordinarily measured on the date of the taking, we know of no reason . . . for an appraiser who seeks to establish market value to rely upon the hypothetical projection of events subsequent to the taking when facts indicating what actually occurred are readily available, citing cases pp. 304-306.
CT Page 1386
On the day of taking there was no definite plan by the State to build Frontage Road. On that basis, the subject property was of lesser value. However, events subsequent to the taking date prove that the road will be built. As stated in In re Board of Rapid Transit Railroad Commissioners (N.Y.)90 N.E. 456 "certainty is better than conjecture and the injuries actually inflicted a better guide than the opinions of experts as to market values just before and after the taking." This proposition is endorsed by our court in Tandet, supra, p. 306.
Ultimately our determination of the value of the property depends upon our considered judgment taking into consideration the divergent views expressed by the witnesses and the divergent views of the parties. New Haven Savings Bank v. West Haven Sound Development, 190 Conn. 60, 69. We may also reach our conclusion in some measure based upon our own general knowledge of the elements affecting value, selecting the most appropriate method of evaluation under the facts found by us. Wronoski v. Redevelopment Agency, 180 Conn. 579, 596.
Based upon our viewing of the property, and considering all the evidence, and our own knowledge of the elements constituting value, it is concluded that the plaintiff has sustained damages in the sum of $518,000.
Judgment may enter for plaintiff for the further sum of $39,600, together with interest on said sum of $39,600 from the day of taking to the date of payment, together with costs, and an appraiser's fee of $2,000.
John M. Alexander, J.
Simon S. Cohen, J.
Harold M. Missall, J.